We'll just wait a minute for the gallery to clear out. Okay, Ms. Glashauser. May it please the Court. On Mr. Derosse's sentencing, Judge Kunst used the exact same words that he had used in countless other sentencings. The judge used the same sparse reasoning about sentencing disparities. The words he used, I mean, that's just the sort of introductory thing he says about how perfect justice is impossible and this is a very serious matter and that kind of thing. Like, it can't really be erroneous for him to have a kind of introductory statement that he gives customarily when he's doing his sentencing. That hollow incantation that he gives in every sentencing is part of the problem with the lack of an individualized sentencing. He also used the exact same sparse reasoning about sentencing disparities that this Court has found was inadequate. And the judge disparaged Mr. Derosse's appeal rights just as he has in many other cases. Mr. Derosse had the right to an individualized sentencing, one that explained why 15 years was appropriate, despite him having suffered physical and sexual trauma, decades-long heroin addiction, and serious illnesses. But the district court does talk about Mr. Derosse in particular, about his age in criminal history and his drug use and his, you know, the mitigating circumstances, his life circumstances. Like, that's all in the sentencing hearing, right? Not really, Your Honor. So what the judge does here is he starts with the hollow incantations that are given in every sentencing, and then has a scaffolding that superficially references and reads the 3553A factors, but does not engage with the factors in this case. So the judge mentions Mr. Derosse's date of birth, his parents' full names, the date he got married, the date he got divorced. Those facts aren't what are important to the sentencing. And the judge doesn't say that he thinks they're important. But is that really fair, Counselor? I mean, he also mentions the struggles to assimilate to the modern world and the past traumas, right? So he has one sentence where he says those words, Your Honor. But the judge How would you make us feel comfortable that this isn't really just an argument or a frustration that the district court wasn't moved by Mr. Derosse's statement? Well, the district court, it's not that he's not moved. He doesn't comment on it, and he's reading from remarks that he wrote before Mr. Derosse gave that statement. So it's not that he's, he just doesn't address it at all. And Mr. Derosse's statement But he does reference a few parts that are the very facts you say warrant a lower sentence. For example, his past and his mental health treatment, right? The words that Your Honor said earlier is the only thing that the court says about those things. So it says one sentence. It says a past trauma, which is not correct. There are numerous traumas. Isn't it a little, one of the binds the court is in is, as I understand it, the court has been asked not to delve into any of the details of these prior traumas on the record. And so the court alludes to them enough to signal I've considered these and these other two factors I'm identifying, the longstanding history of multiple offenses and the short period of time between his most recent release and his latest offense, those outweigh that. And how can the court, wouldn't the court, by going into more detail, be defying the understanding of the parties that it wasn't going to do that? No, Your Honor. So defense counsel asks that the court not discuss some specific facts at the beginning of the sentencing. The judge has already written his sentencing remarks. So the judge has not changed those remarks based on that request. Do we know that everything that the judge recounted from the bench was read verbatim versus, oh, I'm going to skip over these sentences in light of the discussion we've just had? It's the exact same words, and it's filed directly afterwards. So that's how we know. And this is the judge's court's practice. As what? As what is written and filed as a written statement on the docket, which this panel has as well. And this is the judge's practice. The judge says the same remarks, gives a scaffolding of the 3553. So if, in fact, it is the case that he wrote out remarks that go through the 3553A factors and do include details about this particular defendant, do you think that that's erroneous because he has to adapt his explanation on the fly to take account of what the defendant just said? No, it's not one thing, Your Honor. Looking at the sentence overall, we have this cookie-cutter sentencing that is used for everyone. We have facts presented. Just to be fair, the cookie-cutter thing is he has some statement at the beginning that you're saying is a hollow incantation, maybe, but that just introduces the sentencing. And then the scaffolding is just the 3553A factors, but then what's in between the factors is details about the particular defendant, right? It's the biographical details presented without analysis. And then the court goes into sentencing disparities. And this part, the judge has been told, this specific judge was told by this court that that lack of reasoning about sentencing disparities is inadequate, that the judge has to provide more reasoning. And that was just four months before Mr. De Rossi's sentence. Was there evidence or argument about sentencing disparities as a significant component of the sentencing issues here? No, but that's the same as in Stewart. So Stewart has the same appellate posture of a guideline sentence, a lack of preservation, and a district court that hasn't been told what the National or Second Circuit averages are. So that's the same as in Stewart. We have the same judge, and we have the same judge doing the same thing again. Sorry. If the judge had said nothing about disparities, would that have been fine? Because we've said you don't have to address each factor expressly. You've got to address the ones that are sort of raised by the record. Would that have been better if he had just not mentioned it? Would it have been better? No. I don't think it would be better to say nothing. But what we have here is a judge who was on notice that this lack of explanation, this kind of just mentioning that it had considered the disparities without explaining how that mattered to this case, especially in the context of lack of individualized consideration otherwise, that judge was on notice that that was not adequate, that he needed to. Well, I don't know. So, I mean, so there is Stewart. I mean, there are also cases where we say that when a judge decides to supply the guidelines to a particular case, there's no lengthy explanation needed on this factor. And we've said that 3053A6 merits a little discussion where the defendant failed to provide sufficient information to compel the district court to find that other defendants were so similarly situated that any disparity in the sentence would be unwarranted. Now, Stewart involved the child pornography guideline, which we think we've said is different than most other guidelines because we think the sentencing commission didn't rely on empirical data. And Stewart himself did say to the district court that the harsh sentencing recommendations of that guideline were not based on past practice or empirical data. So to harmonize our case law about generally what A6 requires with Stewart, shouldn't we understand it to be that when you point out that that particular guideline is not based on empirical data, you need to do more for A6. But in general, when it's a guideline that we have not said lacks empirical support, you do just need, when you're within the guidelines, you don't have to say very much. Well, that's not what Stewart said. So that the child pornography guidelines are separately for something that has nothing to do with disparities, something that needs to be taken seriously, that's an issue in child pornography cases, but that's not what Stewart is about. Stewart rests on the lack of explanation about sentencing disparities. And that's the same thing here. I agree with your reading that Stewart should not be read so narrowly. My question, and I actually pulled them together, is I do think he said more in de Rossi than what was said in Newart. He says the court premises its sentence on the nature and characteristics of the defendant, the instant crimes of the conviction. They reference the argument in the memorandum in order. They reassure, at least our court, that looked at the other six factors and have decided that upon those things, looking at it in a totality, that it avoids the unwarranted sentence disparities. Now, I would see that you think that still might be insufficient, but that is where I think you need to persuade us of, because it seems like, to me at least, the judge saw Stewart and recognized that something needed to be done that was differently. So why isn't that extra, I don't know, 30 words maybe, 40 words, not sufficient? Because those extra words add nothing of substance. Those extra words could literally apply to every single case. Just saying that the defendant's characteristics are what I made my sentencing decision on, as explained in the order, and then especially considering my other arguments about how those characteristics really are individualized. Can you give me an example of what you think would have been enough, like in this case? Like how much, because we've also said they don't have to perfunctorily go through everything, right? Like we're not going to be able to issue an opinion that says that district courts have an incantation of magic words that if they don't do, we're going to get into trouble. We are supposed to presume that they've looked at everything. So what would satisfy, you think, the obligations under Stewart? The opposite of an incantation. So the court saying, in Mr. de Rossi's case, I think a sentence of 15 years, which I recognize may be higher than the national average, it doesn't have to be specific words, is appropriate because of X, Y, and Z. I've considered these disparities, but believe that Mr. de Rossi needs a higher sentence, and this is why. So he's supposed to, so in every case, the district court is supposed to look up what the national average and median sentences are for a civilly-situated defendant and then explain the variance with respect to that? Well, as a practical matter now, it is extremely easy to find these averages. There's case law, older case law, that's talking about how the judge doesn't have to become a social scientist or a data analyst. You just go online, you plug it in, and it pops up. It's very easy. Well, the reason it's easy is because the sentencing commission compiles that data and that informs the guidelines calculation. So if you're giving a within guidelines sentence, doesn't it mean you've taken into account those data if it is, in fact, a guideline that we think is based on empirical data? No, Your Honor, and this court hasn't said that. And this case also is one of those guidelines that is different than other guidelines. It's the career offender guideline. It's one where, as counsel argued to the court, had Mr. DeRossi not had a particular set of priors, his guidelines would have been dramatically lower. And that's the guideline that counsel... Yeah, but you acknowledge that under our circuit's case law, he does qualify as a career offender, right? Yes, Your Honor. But when considering national disparities, this court makes clear in Stewart that just the fact that it's a within guidelines sentence is not enough because Stewart, too, is a within guidelines sentence. So the memorandum in order says that it was particularly alarming because he grabbed an elderly woman by the neck and threatened to kill her less than a month after he was released from prison for other armed offenses. And then in his statement that you think could apply to anybody, he specifically said, for the reasons stated in the memorandum in order. Why isn't that effectively meeting the burden that you think the district court had? Well, the statute and this court have made clear that 3553A6, about sentencing disparities, is a different consideration than the other guidelines. That's the portion that is about the severity of the crime, which is the only portion that the judge says something more individualized on. He says nothing specific about the disparities. And here... Well, if you take the full context of his statement, he recognizes that this defendant has a lot of priors, right? So to be a career offender, you need three, right? Two prior offenses and the instant offense, right? And he has 10 prior convictions, something like that, right? So why is it just straightforward that he is a more serious career offender than the average career offender? Because that, again, ignores Mr. DeRossi's history and characteristics. Mr. DeRossi was thrown in... That is a characteristic of him, right? That's a single... That's his criminal record. But that is not all who Mr. DeRossi is. He was thrown as a child in an adult prison where he was brutally assaulted. Well, now you're just disputing, like, what should be given more weight, right? And all the stuff that you're talking about, like his criminal history plus the mitigating circumstances and whatever, that is in the statement of the district court when he imposes the sentence, right? It's not under the specific heading of A6. But under the heading of A6, he does say, I took into account all of the things I've discussed, right? And the things he discusses are largely, with respect to Mr. DeRossi's history and characteristics, irrelevant biological details. And the one sentence that has been mentioned today where he just alludes to one single trauma, which ignores his lifetime of trauma, and that he was never given any services, any mental health treatment until his federal case. And that statement he makes to the court at sentencing, he thanks God for intervening and bringing him into federal court so he could finally get mental health treatment. Wait a minute. I mean, even if that's right, so how does that relate to the need to avoid nationwide disparities? It relates to... That fact doesn't say anything about what other people who are convicted of similar offenses get as a sentence. It relates to the fact that the judge here didn't give a reason why those nationwide disparities weren't important in Mr. DeRossi's case. So what is the relationship to the nationwide disparities to this idea about mental health treatment? The relationship is that Judge Kuntz did not, throughout the sentencing, give Mr. DeRossi the individual sentencing that is required. The specific error that we're focusing... So it's not that the mental health treatment says anything about nationwide disparities. It's just another example where you think he doesn't individualize, have an individualized analysis. It's an example of a factor that the court could have considered. So what are the things that would be before the district court that he should have brought up under the heading of A6? The reason why he didn't find those disparities relevant. So in Mr. DeRossi's case... But do you know that there even is a disparity? Yes. Sorry, does the court know? Yeah. I don't know because the court does not explain anything. Has anybody told the court that they think there's a disparity? No, and that's true in Stewart as well. So that is the same. Has anybody argued to the court that the guidelines aren't a fair representation of the range of sentences out there because they're not empirically based? Well, counsel does argue that the guidelines aren't a fair representation because Mr. DeRossi's original conviction was so old when he was still a minor. So that stuff is in there, and it's really... Right, but that could be cut either way, right? So either that means that it's old or it could mean that he's had a lifetime of criminal activity and so he really is a very serious career offender who needs extra deterrence. And that's the government's argument, right? And Judge Koontz might have said... And Judge Koontz says, I agree with the government, right? Not with respect to sentencing disparities. We have an unusual situation where this court told this judge just four months prior that it had to do more about providing an actual explanation for this specific sentencing factor, and the judge doesn't do that except to add a sentence that the judge can add in literally every case going forward that is not about the specifics of the person or the case. And that should be error. Okay. Can you make sure before you sit down that you spend some time talking about the exchange that happened with respect to appeal rights? Thank you, Your Honor. These two issues that I want to hear some discussion on. Yes, Your Honor. So at the end of the sentencing, the judge does not originally provide Mr. DeRossi with an explanation of his appeal rights. And they're required to do so. Correct. The judge is required to do so, and the reason the judge is required to do so is so that the person who has been sentenced understands that they can appeal without making the judge upset, without causing any sort of problem, that it is a right that they can exercise. Mr. DeRossi was told essentially the opposite. So first he didn't get his rights. He only was told them with prompting. And then the court said what I think is an implicit threat, that he would get a longer sentence on remand by reminding Mr. DeRossi that Judge Kuntz would still be the judge if the case is remanded and that the statutory maximum was 20 years, more than he received. So can I... But that in fact hasn't deterred him from where he in fact is appealing right now, right? That's right. And he's still under that threat that if this court reverses, if the case goes back to Judge Kuntz, Judge Kuntz could take that out on him. And Judge Kuntz has a... I'm interested in not only... Well, can you explain on what the damage to our judicial system, even if the threat isn't taken out on him just by saying it? Like is there something actionable there for us? Yes. It's the appearance that there is not justice being done. There's the appearance, even if it is not in fact carried out, that someone reading this transcript and the fact that it's not just Mr. DeRossi that this is happening for should trouble the court even more. There's the appearance that this court does not take appeals rights seriously and will be vindictive if the person appeals and come back. Even if it did not trill Mr. DeRossi in making it to this stage, it may just trill others and he, Mr. DeRossi, still has this concern that if he goes back... But how is it a threat? You're saying the judicial court said it's going to come back to the same judge and that his sentence is below the statutory maximum? No. The statutory maximum would be 20 years, which is 240 marks. Is that right? Like that's not what he said. It wasn't... I mean... Yes. Your Honor, it's correct. And the text... I mean, we can argue about whether or not the text is material, but that's what was said. Yes. That's what was said. What was said? As I... Why is it not a factual statement? I guess it's just my question. I'm sorry, Your Honor? Why is it not a factual statement? I mean, it is factual that his statutory maximum is 20 years, but it is extremely irrelevant at that stage of the proceeding. And so the way the judge says it, to remind... The implication of bringing up the statutory maximum at that point implies that he could get a greater sentence on remand. Right. Because he'll be in front of Judge Kuntz again. Judge Kuntz... It's the one-two punch. Exactly. He's going to come back to me and, just so you know, I can do up to 240. And he didn't even give the appeals rights as a matter of course, which is a matter of course in every other courtroom that I've done appeals in front of, from. So it's what the court is saying and it's something that is repeated where this judge wants to discourage people from taking their appeals. And in Mr. de Rossi's case, the case should be remanded to a different judge to avoid that appearance of impropriety. Okay. But is there any error on its own that would be created from that that is separate and a part of, assuming that we disagree with you, whether on everything else you said up until I asked about this, what is the remedy there or is there a remedy? I mean, if we affirm, it's not going to go back to him. Is that correct? Is there something else that you imagine can or should be done? I think that the court should consider it holistically as part of the sentencing that the judge, at the end, does another thing that the judge does repeatedly, which is first not give the appellate rights, which I think would be an error that this court could reverse on independently because that is a right that the judge, that the defendant has and that the judge is required to give and that he's only given it with prompting. I think Your Honor could find that to be an error. But if it's an error, it has to be harmless because he did, in fact, take the appeal, right? Like, it would be an error because the prejudice from it would deter him from taking an appeal but he's taking an appeal. He's taking an appeal because he had a lawyer that was able to prompt the judge to give the rights and encouraged him to take the appeal but he's prejudiced from it now under this concern of what might happen when his case is remanded, which is not something that should be going on with anyone. When it's something systemic like this, do we need to show that the error was to the individual or that the prejudice was to the individual defendant or should we, is there some room in the law to say that the error was to the judicial system or the process? What would be a case supporting that or what is the analogy or reasoning supporting that? Or would there be one if there is one? Well, I think the standard of review for sentencing leaves this court a lot of discretion. It's about reasonableness. Was the sentence, overall, was the procedure reasonable? I think that standard of review gives this court a great deal of discretion in reviewing sentences, which this is a very important part of a sentencing proceeding. Okay, thank you, Ms. Glashauser. Thank you. There's no time for rebuttals, so we'll hear from you again, but let's turn to the government. Ms. Schuman. May it please the court. My name is Rebecca Schuman and I'm an assistant United States attorney in the Eastern District of New York. I represented the government in the district court. De Rossi incorrectly alleges that his within-guideline sentence is procedurally and substantively unreasonable. De Rossi did receive an individualized sentence. There is nothing improper about a court's custom of beginning a proceeding by acknowledging the gravity of a sentencing, nor is there anything improper or, in fact, unusual about using a standard template to ensure all 3553A factors are addressed. No, so I think I'm interested in figuring out, like, where the line is. Like, certainly district courts are allowed to use templates. In fact, one might argue that it might help them make sure they don't miss things. But what is the difference between using a template and just perfunctorily marching through everything without any real explanation or conclusions drawn from the facts? I mean, is there some sort of perfunctorily marching through that the government would be willing to say is too little, it's too thin? And if you could help me draw, figure out where we draw the line, that would be useful. I mean, I apologize, Your Honor. No, you don't need to apologize. We interrupt each other. You can respond when you think is helpful. While this Court has made clear that a court need not mention every single 3553A factors, I suppose there are circumstances in which a court, a district court said, I've considered all the 3553A factors and I find this sentence appropriate. But that's not what we have here. We're not even close to a line in which the remarks are perfunctory. Here, the district court went through both the mitigating and aggravating factors presented to it from the defense, from the government, from probation, making clear that he had read and considered all of those competing interests. Counsel has spent a long time... So if he had given an explanation of one of the factors that didn't make sense or was some kind of consideration that doesn't belong under that factor or is an impermissible factor, we might say that that's a problem, right? Sure. Or if he doesn't mention something that, you know, all things considered, you'd expect him to mention because it's, like, the main thing. Like, under some factor, he mentioned something that isn't as important and omits something that would be more significant. Maybe we think it might have been overlooked. But we generally say that unless the record suggests that he overlooked something, we assume that the district court takes into account the facts and arguments before it, right? That's correct. I think this Court's decisions have been clear on that. And, in fact, I don't think there's any basis in the record to think this judge didn't consider. Not only does the sentencing transcript make clear he considered the arguments presented to it, Counsel for Mr. DeRossi, in fact, began her remarks by saying, I know you've read the submissions that were submitted before you. Right. So are you saying if we had a case, and I'm not saying this is that case, but where all the sentencing judge did was said, here's the arguments one side makes. Here's the arguments the other side makes. Here's the, you know, what the PSR tells me. Here's my sentence. And never engages with the arguments that it's reciting. It just acknowledges their existence and never engages with the facts that it's reciting. It just acknowledges their existence. But then says, here's my sentence. Would that be, it may tell us that the court has considered everything, but don't we have to have enough explanation to be able to review the sentence? I suppose there could be a circumstance where a judge is just regurgitating what is before it that may be insufficient. But we're not close in this case. Can you explain what you think makes it not close? What are the specific explanations that the district court provided that you think it's not close? So, for example, in the context of going through the 3553A factors, the judge repeatedly cites to, as I've previously mentioned or as will be stated in the memorandum in order, the history and characteristics of the defendant and the nature of the instant offense. I think the judge made very clear throughout the proceeding that he was most persuaded by those particular factors, as is his discretion. As we've been talking about today, this is... But this agrees with the government, right? The government's arguments. That's correct. So in the hypothetical where the district court just recites, here's what probation says, here's what the defendant says, here's what the government says, here's my sentence. If the sentence he gives is something that none of those parties recommended, maybe we would be kind of confused as to how he got there. But if he says, here's what probation says, here's what the defendant says, here's what the government says, I agree with the government's arguments, and I'm imposing the sentence that the government recommends, then we know that he's incorporated all of those arguments that were before him, right? I think that's right. I think what Your Honor is alluding to, if we just, you know, in this case, for example, if the court said, here's what the defense said, here's what the government said, here's what probation said, you know, that was a whole variety of ranges, and then imposed 220 months, I think there would be a lack of indication in the record as to what the factors allowing for that sentence. Although in the revised hypothetical that my friend just offered, the court made the statement, I agree with the government, which provided an explanation versus the initial hypothetical, which was, here's all the arguments, here's all the facts, here's my sentence, without ever explaining how the court balanced the very compelling mitigating evidence that was offered and the very damning evidence in the other direction. I mean, I guess that's what I'm, it seems to me focusing on evidence that the court considered things as one thing that is important, but focusing on whether the court evaluated them in a way that makes them reviewable to us rather than, we trust you, we know you considered everything, so therefore it's procedurally reasonable. I'm trying to figure out whether there is that extra piece in your view. I think what it comes down to is that when the court is kind of, whether or not the court says I agree with this party or I agree with probation or I agree with that party, when the court is referencing those arguments and either choosing a sentence that one of the parties making those arguments has requested versus the hypothetical I sort of responded with, which is choosing something that no party has suggested and argued about, I think that's how you can tell that in selecting a party's recommendation, the court is indicating I agree with that party's arguments. But we've said, I mean, we said this on bank, right? This isn't some radical proposition. Requiring judges to articulate their reasons serves several goals. Most obviously it requires, it helps ensure that the district court actually considers the factors. The reason-giving requirement, in addition, helps to promote the perception of fair sentencing. Finally, for our own purposes, an adequate explanation is a precondition for meaningful appellate review. It seems to me there's got to be a requirement of some, and I'm not, I think the real issue in my mind is whether it's met here, not whether there's such a requirement, of something more than laying out the facts and laying out the arguments. There has to be some component of the sentence that signals the court's reasoning and describes the court's reasoning. I think that that is met here. I mean, the court made very clear the factors it found most compelling, the defendant's recidivism, the defendant's lengthy criminal record, which are tied together but are two very important facts that were emphasized throughout the proceeding, as well as the nature of the instant offense. The judge was truly alarmed by the conduct that occurred. It's in that case where he just adopts our arguments, although he does seem to also just agree with the government, but he does recite the arguments that he finds most compelling. But in terms of the hypothetical you were saying, you're saying that if the district court said probation wants 10 years for this reason, the defense wants 5 years for this reason, and the government wants 15 years for this reason, I'm imposing a sentence of 15 years, the straightforward way to understand that would be that he is saying, I agree with the government. Yes, I think that's right. But if he said, I am imposing a sentence of 25 years, then we cannot figure out from what he said what the explanation is, and that would require, you know, maybe more explanation from the district court. I think that's right, and I think there is also, you know, a significant distinction of when we're talking about within guidelines sentence versus either. Oh, right, because also if it's outside the guidelines, you need more of an explanation. That's correct. So could you say something about the Stewart issue and the nationwide disparities? So it's true that we've said in some cases that when it's within guidelines, you don't have to say very much about nationwide disparities, but it's also true that in Stewart, we said that you need to say more than what was said there. So how do you reconcile those cases? Sure. So I think there's several ways in which Stewart is readily distinguishable. As Your Honor previously mentioned, it is a child pornography case. This Court has approached those sentencings quite differently and the guidelines for those sentencings quite differently. Another distinction, as in Ramos-Acevedo, the difference between Durossi's within guidelines sentence and the national average imposed on, I'm going to say arguably comparable defendants, was far shorter than five or ten years. And the district court did, in fact, provide a specific justification for the increase. He said the nature and characteristics and the instant crime of conviction uniquely aggravating factors it described previously and clearly considered to be of greater import in driving the sentence here, pursuant to its discretion. In Ramos-Acevedo, this Court emphasized that Stewart was addressing a unique set of circumstances. This case is far more like Ramos-Acevedo in terms of both the actual difference in the sentencing than it is in Stewart, where there wasn't a sentence, there wasn't a explanation given. And what's the difference in the sentencing? So I guess it wasn't before the district court, but we have in the briefing that the sentence here is about two and a half years above the national average, something like that? Arguably, you're not conceding that that's the right average, but arguably, similarly situated, it's about two and a half years more. That's correct. And if you look at the district court's explanation, can we tell from what he said why he would want to go above the average by two and a half years? I think it's his direct statement in the context of the 3553A6 discussion, his citation to the nature and characteristics of this defendant and the instant crime of conviction. I think that's why I refer to it as arguably— You're using general terms, but nature and characteristics and the crime, you mean that this was a particularly, you know, offensive crime or culpable crime, and also that he has a more extensive criminal history than other career offenders. Is that what you mean by that? That's correct. I was using the district court's own language, but he had previous—the district court had previously spent quite a bit of time talking about those considerations and making clear the aggravating nature of the defendant's long criminal history, his pattern of regularly committing crimes shortly after being released, the fact that an elderly woman had been grabbed by the neck and threatened viciously. I mean, the court spent a long time engaging in those facts that had been presented before it, and the fact— You're taking it from the average because to be a career offender, you only need two prior offenses, and he has much more than that. He has much more than that. He has many more than that that are being— crimes that are being committed shortly after release, you know, a month after being released. So it shows that you need more for deterrence. That's correct, Your Honor. Can I ask you, before you sit down, to talk about the argument of the harsh treatment of juvenile offenders in the 1980s and whether or not that warrants a finding of substantive unreasonableness? That's an argument that they make. Why is that wrong? Well, Your Honor, the court was asked to obliquely address those references. The court, I think, took care to respect that request but did make references— That's different. The question of the trauma that he experienced because of— I'm sorry, I'm trying to— The trauma that he experienced while incarcerated is separate and apart from the question of whether or not, as a class of folks, juvenile offenders in the 80s were dealt with in a substantively unreasonable harsh manner. He is arguing that he was part of that group and part of that policy, something that we don't do now anymore. Why does that not give rise to a question of substantive unreasonableness here? Because I think, Your Honor, the court clearly did not abuse its discretion in finding other circumstances to require a 180-month sentence as opposed to a 70-month sentence or any other sentence in between. I mean, the court made clear it was considering that mitigating factor, that trauma, that experience, but it was finding other factors of the defendant's background and the defendant's crimes to be of a more compelling nature in imposing a within-guideline sentence. I'm not sure if I'm answering Your Honor's question. You're not, but I've asked it twice, so that might be the best of what I'm going to get, so I'm going to move on. Are you sticking with your argument that the district court didn't make a veiled threat? I think, Your Honor, that's what counsel has read as a veiled threat. I think there is a plausible reading that the court was indicating, as it's a factual statement, that most appeals that are remanded do go back to the same judge, and a plausible reading of the record is that the district court was advising him that prevailing on appeal would not guarantee a lesser sentence. Okay, so why would it not advance at least the appearance of justice to reassign the defendant to a new judge? Because I think there's a particular reading that the defense is asking the court to impose, and I don't think it is a fair imposition based on the record here. The court has made clear that it is a rare instance where remand is appropriate, and while we don't believe remand is appropriate here, such that the decision about reassignment is not a live one before the court, even if the case were remanded, there is not sufficient indicia that there's an appearance of impropriety to warrant such an extreme remedy. Okay, thank you, Ms. Schuman. Thank you, Your Honor. We'll turn back to Ms. Glashauser on remodel. This is exactly the type of case that lacks an explanation for this court to review. There was a lot of discussion about the phrase that the judge agrees with the government. I believe that was said one time in the context of discussing the offense. The government had asked for a guideline sentence, which was a fairly wide range, from 151 to 188. That stray remark that at one instance the court agreed with the government on one fact was not an explanation why the sentence was appropriate. Okay, but the court says we recognize the severity of the offense, describes the grabbing of the elderly woman by the neck and issuing the death threat. He emphasizes that it's particularly alarming given the fact that it took place less than a month after the defendant was released, emphasized not only does he have five robbery convictions, but nine of the prior ten involved theft of some kind. The court recognizes the traumatic experience the defendant experienced in his youth and is encouraged by his decision to seek treatment. The court is aware of the difficulties in adjusting to modern life, and the court agrees with the government. Why isn't that a pretty succinct statement of how the court was assimilating the various factors? And then discussing the government's argument, he again says his history of regularly committing robberies and other crimes since he was 17 years, make the incident offense by no means an aberration. The commission of the incident offense less than a month after having been released from prison while on parole, the need to protect the public from the defendant in light of his long-established pattern of committing new offenses, especially armed robberies shortly after being released from custody, the need to deter the defendant as he has proven himself undeterred by prior convictions, and the need to send a clear message to other would-be serial offenders that bankruptcy is a serious crime that will result in substantial losses of liberty. Why hasn't the court repeatedly told us, and I'm sorry for such a long question. I hope that we'll get some answers as I've used your whole two minutes. Why isn't that, if you took everything else that the court said, and that's all he said, wouldn't that have been enough? That's the one portion of the sentencing where the judge addresses the facts of this case that Your Honor just read. That is not enough. That is not about, first of all, sentencing disparities. And turning to sentencing disparities in particular, the hypotheticals that are raised today about why this court could come up with some reasons that could explain why a sentencing disparity was appropriate here are not ones that Judge Kuntz pointed to. He pointed to none. And the disparity is greater... He says, I'm taking into account all the circumstances that I've discussed. So he incorporates his whole discussion into the reasons for the disparities, right? Right. There's a spoiler plate language that we can kind of pass. Why is it unreasonable for him to say, I'm not going to repeat what I've said so far. I'm making clear that I'm taking all that into account. Because this court has just told the judge that more explanation is needed and that he does not give a specific... I also have this separate line of cases that says if the reason for the sentence is evident in the record, we're not going to remand for an additional thing. I mean, here he talks a lot, as Judge Robinson just recounted about his reasons. I mean, certainly, if I'm reading it, I can tell what he says, which is, I think that the culpability outweighs the trauma, even though he's suffered some trauma. And he's... The fact that he is committing crimes repeatedly, shortly after being released from prison means that there needs to be extra deterrence, and he has an extensive criminal history. And so, therefore, he is kind of above average in terms of a career offender. I mean, I think that's clear, right? Why can I not reach that conclusion just by reading his explanation? Because the judge doesn't give that explanation. So if Your Honor gave that explanation... I mean, I've seen that up. I mean, I got that from what he says. We could argue about substantive unreasonableness based on this explanation, and it has been discussed. But that explanation is not given with respect to the procedural question. All right, well, if he said what I just said, that would have been enough? If he gave specific reasons, those reasons or other reasons why there were not unwarranted sentencing disparities, then, yes, that's what this Court told him. Okay, so if I can tell from what he said in the sentencing hearing that those were, in fact, his reasons, then it means it would be enough, right? No, because this is the exact same situation as Stewart. And this Court should be pretty troubled that the same judge is doing the same thing so shortly after this Court found error with that procedure. That is a problem. And when we add on to that that we have a judge who is not respecting Mr. de Rossi's appellate rights and other defendants' appellate rights by not giving those rights at all, and then in this case, when he does give them after defense counsel asks him to, impliedly threatening that he would get a higher sentence, that is a problem for the appearance of justice at the very least that this Court needs to address.  Thank you very much, Ms. Glaskauser. The case is submitted. This was excellently argued. Thank you.